STATE OF TENNESSEE *ex rel.,*   )
DONNA RANDOLPH,   )
   )
      Petitioner/Appellant,   )   Appeal No.
   )   01-A-01-9808-JV-00419
v.   )
   )   Putnam Juvenile
JOHN R. POTEET,   )   No. 83
   )
      Respondent/Appellee.   )
   )

**FILED**

**March 17, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE


APPEAL FROM THE JUVENILE COURT FOR PUTNAM COUNTY,

AT COOKEVILLE, TENNESSEE


THE HONORABLE NOLAN R. GOOLSBY, JUDGE

JOHN KNOX WALKUP
Attorney General and Reporter

TAMMY L. KENNEDY
SUE A. SHELDON
Assistant Attorneys General
2nd Floor, Cordell Hull Building
425 Fifth Avenue, North
Nashville, Tennessee  37243
      ATTORNEYS FOR PETITIONER/APPELLANT



RANKIN P. BENNETT
107 South Washington Avenue
Cookeville, Tennessee  38501-3547
      ATTORNEY FOR RESPONDENT/APPELLEE

REVERSED AND REMANDED


WILLIAM B. CAIN, JUDGE

# OPINION

In this case the mother of a sixteen year old boy appeals the action of the trial court in applying a downward deviation from child support guidelines.

John R. Poteet is married and has three children born of the marriage, such children being ages seven, four and one respectively, and he is the biological father of Stephen Poteet born to the petitioner, Donna Randolph on April 16, 1982.

By paternity order dated February 20, 1991, the legal obligation of John R. Poteet to support Stephen Poteet was recognized and his support obligation was set at $200 per month with which obligation John R. Poteet has faithfully complied.

On November 26, 1997, Donna Randolph filed a petition to modify child support for Stephen, alleging a "significant variance" from the Tennessee Child Support Guidelines. This was a Title IV(d) petition filed with the assistance of the District Attorney General Child Support Division.

At the hearing, the court found the gross income of John R. Poteet to be $2,924.13, yielding a net income of $2,233 per month. Such an income required a presumptively correct guideline child support figure of $469.

Mr. Poteet argued for a downward variation from the guidelines asserting that his oldest child of his marriage was born before the legitimation or the paternity order of February 20, 1991 and that his three children living in his household should be considered as a basis for deviating from the guidelines.

The trial court held:

> The Court in making its decision in this case finds that following the decision of Adams v. Reed, the Department of Human Services amended the guidelines effective December 14, 1994 to provide "Rather than giving parents credit for voluntary child support payments, the amended guidelines specifically state that voluntary child support cannot be deducted f[ro]m gross income and cannot be used as a basis for deviation from the guidelines unless the payments involve extreme economic hardship." Tenn. Comp. R. & Regs. R. 1240-2-4-.03(4).

-2-

Therefore, the Court finds the issue relating to the second and third child of the respondent's marriage is specifically covered by the current guidelines and cannot be considered as a basis for deviation in this modification case unless there is a showing of extreme economic hardship. but the guidelines do not address the facts surrounding the first born child of the respondent's marriage.

Notwithstanding the above mentioned rule, it is the Court's ruling that first born child of the respondent's marriage is not covered by the same provision of the guidelines for the reason that their was no legal obligation of support for the child born out of wedlock until a court order was entered first establishing paternity and thus creating the legal obligation of support for said child. Prior to the entry of such order on February 20, 1991, the respondent had no parental rights or obligation to support Stephen Poteet. The legal argument that after-born children are a voluntary assumed obligation must be based upon an underlying legal support obligation. In this case, the Court finds that the respondent had no legal obligation to support any child prior to the birth of the first child born of his marriage.

* * *

After considering all of the testimony of the parties and their witnesses, arguments of counsel and from the entire record in this cause, the Court finds in this case that the presumptively correct monthly child support amount is $469.00 for the minor child, Stephen Poteet, under guidelines based upon the respondent's present monthly net income of $2,233.00. However, the evidence presented in this case is sufficient to rebut this presumption. The Court finds that application of the child support guidelines would be unjust or inappropriate in order to provide for the best interest of the children and to provide equity between the parties based upon the above findings and, in particular, considering the fact that one child of the respondent's marriage was born before the paternity of Stephen Poteet was established. The Court further finds that extreme economic hardship would result if the guideline amount were not reduced. Based upon these findings, the Court orders that the respondent's child support obligation shall be set in the sum of $325.00 per month beginning January 14, 1998.

The court further held that because Mr. Poteet had been punctual in his previous child support payments, that he should be allowed to continue to make the payments directly to Mrs. Randolph rather than pay them into court as required by the guidelines.

With all due respect to the trial court and no small degree of sympathy

for Mr. Poteet, these adjudications by the trial court simply cannot stand under the requirements of *Jones v. Jones*, 930 S.W.2d 541 (Tenn.1996).

The guidelines are a clear legislative mandate and the courts have no choice but to follow them absent a legitimate basis for deviating therefrom.

> Child support in Tennessee is statutorily governed by T.C.A. § 36-5-101.  Section 36-5-101(e)(1) provides that "[i]n making its determination concerning the amount of support of any minor child . . . of the parties, the court shall apply as a rebuttable presumption the child support guidelines as provided in this subsection."  The General Assembly adopted the child support guidelines promulgated by the Tennessee Department of Human Services in order to maintain compliance with the Family Support Act of 1988, codified in various sections of 42 U.S.C.  While they add a measure of consistency to child support awards statewide, the guidelines provide more than simply percentages to be applied against the net incomes of non-custodial parents.  They also embody "the rules promulgated by the Department of Human Services in compliance with [the] requirements [of the Family Support Act of 1988]."  Hence, the purposes, premises, guidelines for compliance, and criteria for deviation from the guidelines carry what amounts to a legislative mandate.

*Nash v. Mulle,* 846 S.W.2d 803, 804 (Tenn.1933).

In specific reference to the authority of the court for downward deviation from the guidelines, the Supreme Court has said:

> [3]  This latter argument construes the trial court's authority to deviate downward too broadly.  While § 36-5-101(e)(1) does authorize deviation in order to ensure equity between the parties, and while downward deviation is clearly not prohibited, the trial court's authority to do so must be considered in light of the provisions dealing with such deviation--Rule 1240-2-4-.04(2) and (4).  Although not exclusive, those subsections provide for downward deviation in three instances:  (1) where DHS has taken custody of the child(ren) pursuant to neglect, dependency, or abuse action; (2) where the child(ren) spend more visitation time with the obligor than is assumed by the guidelines; and (3) in cases in which the obligor is subjected to an "extreme economic hardship," such as where other children living with the obligor have extraordinary needs.  Therefore, the guidelines expressly provide for downward deviation where the obligee

has utterly ceased to care for the child(ren); where the obligee clearly has a lower level of child care expense than that assumed in the guidelines; and where the obligor is saddled with an "extreme economic hardship." Although the rule does not purport to set forth an exhaustive list of instances in which downward deviation is allowed, these specific instances nevertheless are a powerful indication as to the *types* of situations in which it is contemplated under the guidelines.

*Jones v. Jones*, 930 S.W.2d 541, 545 (Tenn.1996).

Prior to *Jones*, efforts were made to take into consideration the plight of children living with mother and father in the married household. *Adams v. Reed*, 874 S.W.2d 61, 63-65 (Tenn.App.1993).

Said this court after the *Adams'* decision:

FN5. After criticizing the October 1989 version of the guidelines for not recognizing a parent's obligation to support children in the absence of a court order, another panel of this court held that voluntary child support should be considered in setting child support. *Adams v. Reed*, 874 S.W.2d 61, 63-65 (Tenn.Ct.App.1993). The Department of Human Services amended the guidelines after the *Adams v. Reed* decision. Rather than giving parents credit for voluntary child support payments, the amended guidelines specifically state that voluntary child support cannot be deducted from gross income and cannot be used as a basis for deviating from the guidelines unless the payments involve extreme economic hardship. Tenn. Comp. R. & Regs. r. 1240-2-4-.03(4).

1240-2-4-.0-3(4); *Kirchner v. Pritchett*, 1995 WL 714279 (Tenn.App.1995).

The child support order of the trial court will be modified and increased from the $325 support figure set by the trial court to $469 per month as is required by the child support guidelines.

Also, child support will be paid by income assignment as required by Tennessee Code Annotated section 36-5-501(a)(1)(1997 Supp.) as there is neither a specific finding that the child's interest would be best served by not

having an income assignment or a written agreement of the parties approved by the trial court to forego income assignment entered in this record.

The judgment of the trial court is reversed and the case is remanded for proceedings in conformity with this opinion.

Costs of the appeal are taxed to the appellee.

_____
WILLIAM B. CAIN, JUDGE

CONCUR:


_____
BEN H. CANTRELL, P.J., M.S.


WILLIAM C. KOCH, JR., JUDGE
CONCURS IN SEPARATE OPINION